# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) |
| | )   **2:07-cr-00144-KOB-JHE-1** |
| **DONEL HATCHER,** | ) |
| | ) |
| **Defendant** | ) |

## MEMORANDUM OPINION

Beginning in December 2017, Defendant Donel Hatcher filed several motions challenging his conviction: three motions for relief from judgment under Fed. R. Civ. P. 60, (docs. 196, 198 & 205), and four motions seeking a writ of coram nobis, (docs. 202, 203, 204, & 206).[1] Hatcher has also filed a motion for return of forfeited property, (doc. 197), and a motion to appoint counsel, (doc. 199). The court referred those motions to the magistrate judge, who entered a report and recommendation on October 12, 2018. (Doc. 208). Hatcher objected to the report and recommendation, (docs. 211 & 212), and he has subsequently filed motions for a ruling on his motions, (docs. 213 & 214). For the reasons discussed below, Hatcher's objections are **OVERRULED**, and the report and recommendation is **ADOPTED** and **ACCEPTED**.

Hatcher alleges the court lost jurisdiction over this proceeding when his brother was convicted of conspiracy on the same factual basis as this case, several months prior to Hatcher's sentencing. (*See* doc. 196 at 3-4; doc. 198 at 2-3; doc. 202 at 1-3[2]; doc. 203 at 1; doc. 204 at 1-2;

---

[1] One of Hatcher's Fed. R. Civ. P. 60 motions also indicates it seeks coram nobis relief. (*See* doc. 205).

[2] In Hatcher's first motion for a writ of coram nobis, he states he is "attesting ineffective assistance of counsel, double jeopardy, and other Fifth and Sixth Amendment claims." (Doc. 202 at 3). However, he does not discuss anything beyond his jurisdictional argument.

doc. 205 at 1-4; doc. 206 at 1). Hatcher contends that his brother's conviction means his conviction was barred by the preclusion doctrines of res judicata or collateral estoppel. The magistrate judge concluded Hatcher (1) was not entitled to relief under Fed. R. Civ. P. 60 because the Federal Rules of Civil Procedure do not apply in criminal cases; (2) was not entitled to coram nobis relief because neither preclusion doctrine is jurisdictional; and (3) in any case, Hatcher's arguments lack merit. (Doc. 208). The magistrate judge also recommended Hatcher's motion for return of forfeited property be denied because its only support comes from Hatcher's arguments that his convictions are barred, and that Hatcher's motion to appoint counsel be denied because his claims are meritless. (*Id.*).

The bulk of Hatcher's objections concern the magistrate judge's conclusion that he is not entitled to coram nobis relief.[3] "The writ of coram nobis was available at common law to correct errors of fact." *United States v. Morgan*, 346 U.S. 502, 507 (1954). In *Morgan*, the Supreme Court held that the All-Writs Act, 28 U.S.C. § 1651 *et seq.*, authorized a federal district court to issue the writ of coram nobis to a federal prisoner collaterally attacking his conviction, even when that prisoner is no longer in custody. 346 U.S. at 507-08. But "[t]he bar for *coram nobis* is high and relief may issue only where: (1) 'there is and was no other available avenue of relief,' and (2) 'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *United States*

---

[3] Hatcher's objections to the magistrate judge's finding that Hatcher is not entitled to relief under Fed. R. Civ. P. 60 are not entirely clear, but in any case the court has already addressed this argument in the context of Hatcher's previous attempt to file a successive motion under 28 U.S.C. § 2255. There, the court held Hatcher "cannot challenge his criminal judgment using a Federal Rule of Civil Procedure." (Doc. 188 at 1-2). *See also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . .").

2

*v. Obasohan*, 318 F. App'x 798, 800 (11th Cir. 2009) (quoting *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam)).  When a court enters a judgment without jurisdiction, it commits an error sufficient under the second prong to justify coram nobis relief.  *United States v. Peter*, 310 F.3d 709, 716 (11th Cir. 2002).

As noted above, the magistrate judge found Hatcher's argument would not support coram nobis relief because "[p]reclusion is not a jurisdictional matter."  (Doc. 208 at 5-6) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 282 (2005)).  Hatcher does not address this conclusion in his objections.  Instead, Hatcher seeks to demonstrate that his claim meets the elements of res judicata.  (Doc. 211; doc. 212 at 2-3).  Hatcher appears to have abandoned any claim that collateral estoppel, or issue preclusion, applies.  To the extent he raises that issue, the magistrate judge correctly found that doctrine does not apply to Hatcher's claims.  (Doc. 208 at 7, n.8).  The magistrate judge correctly found Hatcher's claim does not concern the type of jurisdictional defect that would support coram nobis relief, and this alone is fatal to Hatcher's motions

The magistrate judge assumed for the sake of the argument that Hatcher would otherwise qualify for coram nobis relief.  (Doc. 208 at 5).  But assuming a claim for the sake of argument does not mean he made a valid claim.  Hatcher has never demonstrated that coram nobis was his only avenue for relief from the violation he alleges.  And because the factual basis of Hatcher's res judicata argument was available to him from the moment his brother was convicted, Hatcher could have raised this issue prior to his guilty plea or in a timely § 2255 motion.  In other words, Hatcher does not meet either requirement of the coram nobis standard.

Furthermore, even if Hatcher's arguments did implicate the court's jurisdiction, res judicata would not apply. Res judicata, or claim preclusion, "bars the filing of claims which were or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). Although res judicata is a civil concept, the Fifth Amendment's Double Jeopardy Clause has a claim-preclusive effect to the extent that it prevents the government from pursuing successive criminal prosecutions for the same offense. *Bravo–Fernandez v. United States,* 137 S.Ct. 352, 357 (2016). However, to the extent that res judicata principles apply in criminal cases, Hatcher's brother's conviction cannot support such a claim here because Hatcher was not a defendant in his brother's case. *See United States v. Musgrave*, 483 F.2d 327, 332 (5th Cir. 1973)[4] ("A judgment in a criminal case operates as res judicata in a second criminal case only where the parties to both proceedings are identical."). Hatcher attempts to get around this requirement in his objections by pointing to the res judicata standard in civil cases, which supports that the party asserting res judicata may merely be "in privity with," instead of identical to, the party in the other proceeding. (Doc. 212 at 2-3). Hatcher argues he was in privity with his brother because of their participation in a drug trafficking conspiracy. (*Id.*). Hatcher does not point to any authority supporting that the civil res judicata standard applies in a criminal case. To the contrary, noting that "any effort to transplant civil preclusion principles into the Double Jeopardy Clause would quickly meet trouble," the Supreme Court has recently observed that the claim preclusion principle embodied in the Double Jeopardy Clause "bears little in common with its civil counterpart." *Currier v. Virginia*, 138 S. Ct. 2144, 2154 (2018). In any case, more than one

---

[4] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

participant in a conspiracy can be convicted for his or her participation in that conspiracy.  *See, e.g., United States v. Dixon,* 901 F.3d 1322 (11th Cir. 2018) (four defendants convicted of same conspiracy); *United States v. Green*, 818 F.3d 1258 (11th Cir. 2016) (two defendants); *United States v. Vadino*, 680 F.2d 1329, 1332 (11th Cir. 1982) (five defendants); *United States v. Jones*, 913 F.2d 1552 (11th Cir. 1990) (four defendants); *United States v. Alvarez*, 755 F.2d 830 (11th Cir. 1985) (seven defendants); *Overstreet v. United States*, 321 F.2d 459, 462 (5th Cir. 1963) (charges severed against co-conspirator, who then pleaded guilty).  In fact, the very basis of conspiracy requires an agreement between more than one person.

Finally, Hatcher states that the magistrate judge did not address his motion for the return of forfeited property, (doc. 197), or his motion to appoint counsel, (doc. 199).  (Doc. 212 at 1).  However, the magistrate judge recommended both motions be denied because Hatcher's underlying claims are meritless.  (Doc. 208 at 8).  The court overrules the objections and agrees with this recommendation.

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and accepted.  Accordingly, the court adopts and accepts the findings and recommendation of the magistrate judge as the findings and conclusions of this court.  The court finds that the motions addressed in the report and recommendation, (docs. 196, 197, 198, 199, 202, 203, 204, 205 & 206), should be **DENIED** on the **MERITS**.  Hatcher's motions for a ruling, (docs. 213 & 214), should be **DENIED AS MOOT**.

The court will enter a separate Order denying these motions.

DONE and ORDERED this 22nd day of July, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE